UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MISTEROVICH,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                  Case No. 1:13-CV-1221

BRUCE BURGGRAF, SR.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

## BACKGROUND

Plaintiff initiated this action on November 6, 2013, alleging that Defendant violated federal law prohibiting cybersquatting and cyberpiracy. Plaintiff submitted an amended complaint, advancing the same claims, on December 3, 2013. Plaintiff seeks monetary and injunctive relief. On March 26, 2014, the Court entered an Order permitting Plaintiff to effect service on Defendant through alternative means. On March 27, 2014, Plaintiff effected service on Defendant. On April 18, 2014, Plaintiff moved for entry of default against Defendant. Default was entered against Defendant on April 22, 2014. The following day, Plaintiff moved for entry of default judgment. The undersigned scheduled a hearing on Plaintiff's motion for June 11, 2014, but Defendant failed to appear.

## ANALYSIS

Because Defendant has failed to answer the complaint or otherwise plead, the factual allegations in Plaintiff's First Amended Complaint are deemed admitted pursuant to Federal Rule of Civil Procedure 8(b)(6). With respect to Plaintiff's motion for default judgment, Federal Rule of Civil Procedure 55(b) provides as follows:

> (b) Entering a Default Judgment.
>
> > (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or
> > >
> > > (D) investigate any other matter.

While Plaintiff is seeking an amount of sum certain damages, he is also seeking additional non-monetary relief, thus this matter is governed by Rule 55(b)(2).

Plaintiff alleges that Defendant engaged in unlawful cybersquatting in violation of the Anticybersquatting Consumer Protection Act (ACPA). To establish that Defendant violated the ACPA,

Plaintiff must establish that: (1) Defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by Plaintiff; and (3) Defendant acted with bad faith intent to profit from that mark. *See Traton News, LLC v. Traton Corp.*, 528 Fed. Appx. 525, 529 (6th Cir., June 11, 2013) (citing 15 U.S.C. § 1125(d)).

Plaintiff also claims that Defendant engaged in unlawful cyberpiracy in violation of the Cyberpiracy Protection for Individuals Act (CPI).  To establish a violation of this provision, Plaintiff must establish: (1) Defendant registered a domain name; (2) the domain name is identical or substantially and confusingly similar thereto to Plaintiff's name; and (3) Defendant acted with the specific intent to profit from such domain name by selling such for financial gain. *See Maus v. Ennis*, 513 Fed. Appx. 872, 880 (11th Cir., Mar. 20, 2013) (citing 15 U.S.C. § 8131).[1]  While § 1125 and § 8131 are very similar in terms of the elements that must be proven to establish liability, they differ with respect to the available relief.  The CPI provides for injunctive relief, as well as costs and attorneys fees. 15 U.S.C. § 8131(2).  The ACPA, on the other hand, provides for injunctive relief, costs and attorneys fees, as well as monetary damages.  15 U.S.C. §§ 1117, 1125(d).

The relevant allegations in Plaintiff's amended complaint are as follows.  (Dkt. #6). Curtis and Franci Kettman own Funderful Travel, as well as the domain name funderfultravel.com. Defendant subsequently registered the domain name funderful.com, curtiskettman.com, and francikettman.com.  Visitors to the funderful.com website were warned not to use the services of Funderful Travel.  Similar warnings appeared on curtiskettman.com and francikettman.com. Defendant offered to sell these various domain names to the Kettmans who, in turn, employed Plaintiff to represent

---

[1] Plaintiff's claim is that Defendant violated 15 U.S.C. § 1129.  This provision has since been transferred to 15 U.S.C. § 8131.

them. Plaintiff contacted Defendant and requested that Defendant remove the content from the aforementioned websites encouraging people to not utilize the services of Funderful Travel. Defendant responded by registering the domain names ericmisterovich.com and misterovich.com. Defendant subsequently utilized these websites "in an attempt to extort money from Plaintiff." As a result, Plaintiff suffered damage to "the reputation and goodwill associated with his personal name, both for personal and business purposes." These allegations are sufficient to establish liability under both the ACPA and the CPI. The question, therefore, becomes the relief to which Plaintiff is entitled.

### A. Injunctive Relief

Under both the ACPA and the CPI, the Court may order that the domain names in question be transferred to Plaintiff. *See* 15 U.S.C. §§ 1125(d)(1)(C), 8131(2). Plaintiff requests that the domain names in question be transferred to him. The undersigned recommends that this request be granted.

Plaintiff also requests that the Court "permanently enjoin and restrain" Defendant from: (1) registering, using, or trafficking in any domain name that is identical or confusingly similar to ericmisterovich.com or misterovich.com; (2) infringing upon any marks or trade names owned by Plaintiff; and (3) aiding or assisting any other third party in undertaking any of the conduct described in (1) or (2). Plaintiff, in essence, is seeking an injunction barring Defendant from violating the ACPA or the CPI in the future. As is recognized, such "obey-the-law" injunctions raise significant constitutional concerns regarding vagueness and overbreadth. *See, e.g., E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841-42 (7th Cir. 2013). Accordingly, the undersigned recommends that this particular request be denied.

B.   Costs and Attorneys Fees

Plaintiff requests that he be awarded $6,820 in attorneys fees. (Dkt. #24). Under the CPI, the Court may, in its discretion, award attorneys fees to the prevailing party. *See* 15 U.S.C. § 8131(2). The ACPA provides that the Court may award attorneys fees to the prevailing party "in exceptional cases." *See* 15 U.S.C. § 1117(a). This standard requires a finding that the offending conduct was "malicious, fraudulent, willful, or deliberate." *See Audi AG v. D'Amato*, 469 F.3d 534, 551 (6th Cir. 2006). The Court finds that Defendant's conduct satisfies this standard, justifying the imposition of attorneys fees. The Court further finds that the amount requested by Plaintiff is reasonable. Accordingly, the undersigned recommends that Plaintiff be awarded $6,820 in attorneys fees. Plaintiff also requests that he be awarded costs. While the imposition of costs is appropriate under the ACPA and the CPI, Plaintiff has failed to indicate the amount of any compensable costs he may have incurred in this matter. Accordingly, the undersigned recommends that Plaintiff's request for costs be denied.

C.   Damages

The ACPA permits Plaintiff to recover either: (1) actual damages and profits or (2) an award of statutory damages in an amount not less than $1,000 and not more than $100,000 "per domain name, as the court considers just." 15 U.S.C. § 1117(d). If Plaintiff chooses to recover statutory damages, he must so elect "at any time before final judgment is rendered by the trial court." 15 U.S.C. § 1117(d). Plaintiff has requested an award of statutory damages under the ACPA in the amount of $30,000 per domain name. The ACPA statutory damages provision "serves not only to afford restitution and reparation for injury, but also to discourage wrongful conduct." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 853 (E.D. Mich. 2006); *HER, Inc. v. Re/Max First Choice, LLC*, 2011 WL 6019438 at

*2 (S.D. Ohio, Dec. 1, 2011) (same). Considering the circumstances of this case, the Court finds the amount requested by Plaintiff to be appropriate. Accordingly, the undersigned recommends that Plaintiff be awarded $60,000 in statutory damages under the ACPA.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment, (Dkt. #18), be **granted in part and denied in part**. Specifically, the undersigned recommends that (1) ownership of the domain names ericmisterovich.com and misterovich.com be transferred to Plaintiff; (2) Plaintiff be awarded $6,820 in attorneys fees; and (3) Plaintiff be awarded $60,000 in statutory damages under the ACPA. The undersigned further recommends that Plaintiff's requests for costs and an obey-the-law injunction both be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 24, 2014         /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge